UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Civil Action Number:

JESUS GONZALEZ

      Plaintiff,
vs.

THE TJX COMPANIES, INC.
d/b/a TJ Maxx #1080271

      Defendant.
_____/

## COMPLAINT FOR INJUNCTIVE RELIEF

Plaintiff Jesus Gonzalez, by and through his undersigned counsel, hereby sues Defendant The TJX Companies, Inc. doing business as TJ Maxx #1080271 for injunctive relief pursuant to 42 U.S.C. §§12181-12189 of the Americans with Disabilities Act ("ADA") and 28 C.F.R. Part 36 and alleges:

## JURISDICTION

1.    This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§12181-12189. This Court is vested with original jurisdiction under 28 U.S.C. §1331.

2.    Venue is proper in the Court, pursuant to 28 U.S.C. §1391(b) in that all events giving rise to this lawsuit occurred within the Southern District of Florida and the subject premises is located within the jurisdiction of this Court.

3.    Defendant The TJX Companies, Inc. is authorized to conduct and is conducting business within the State of Florida and within the jurisdiction of this court.

1

## PARTIES

4. Plaintiff Jesus Gonzalez ("Plaintiff") is a resident of the state of Florida. Plaintiff has a "qualified disability" under the ADA as he is disabled with neuropathy and nerve damage due to radiation and utilizes a wheelchair for mobility. Plaintiff's disability is defined in 42 U.S.C. §12102(1)(A)(2), 28 C.F.R. §36.105(b)(2) and 28 C.F.R. §36.105(2)(iii)(D). Plaintiff is also a "tester" to determine whether public accommodations are in compliance with the ADA/ADAAG.

5. Defendant The TJX Companies, Inc. ("Defendant") is a foreign for-profit corporation authorized to transact business in the state of Florida. The TJX Companies, Inc. is an American multinational corporation headquartered in Farmington, Massachusetts. Defendant TJX owns and operates the TJ Maxx, Marshalls, HomeGoods and HomeSense discount store chains as well as Sierra department stores. There are over 1,271 TJ Maxx retail stores throughout the United States.

## FACTS

6. Defendant owns and operates the TJ Maxx #1080271 discount store within a community shopping center located at 7200 SW 117 Avenue Miami, Florida 33183 which address also includes TJ Maxx address postal address of 7260 SW 117 Avenue.

7. As with all TJ Maxx brand discount retail stores, Defendant's TJ Maxx #1080271 store is a place of public accommodation pursuant to 42 U.S.C. §§12181(7)(E) as an "other sales establishment." Defendant's TJ Maxx #1080271 store which is the subject of this complaint is also referenced as "TJ Maxx (retail store)," "TJ Maxx at SW 117 Avenue," "retail store," or "place of public accommodation."

8. As the operator of TJ Maxx brand retail stores which are open to the public, Defendant TJX Companies is defined as a "Public Accommodation" within meaning of Title III because it is a private entity which owns, or operates retail stores; 42 U.S.C. §12182, 42 U.S.C. §12182, §12181(7)(E); 28 C.F.R. §36.104(5).

9. On July 8, 2022, due to frequently being in the area, Plaintiff personally visited the store to shop and to test for compliance with the ADA/ADAAG.

10. Due to the fact that he perambulates with the assistance of a wheelchair, Plaintiff met barriers to access while patronizing the TJ Maxx retail store. Based on the access impediments Plaintiff encountered, Plaintiff has been denied full and equal access by Defendant.

11. As the owner of over 1,271 TJ Maxx discount stores, Defendant is well aware of the ADA and the need to provide for equal access in all areas of its discount stores. Therefore, Defendant's failure to reasonably accommodate mobility impaired and disabled patrons by insuring that its TJ Maxx at SW 117 Avenue is fully accessible is/was willful, malicious, and oppressive and in complete disregard for the Civil Rights of the Plaintiff and in violation of 28 C.F.R. §36.302.

12. As a result of Defendant's discrimination, Plaintiff has suffered loss of dignity, mental anguish and other tangible injuries and has suffered an injury-in-fact.

13. Plaintiff continues to desire to patronize and/or test Defendant's TJ Maxx at SW 117 Avenue, but continues to be injured in that he continues to be discriminated against due to the barriers to access within that retail store which are in violation of the ADA.

14. Any and all requisite notice has been provided.

15.     Plaintiff has been obligated to retain the civil rights law office of J. Courtney Cunningham, PLLC and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to recover those attorney's fees, costs and expenses from Defendant pursuant to 42 U.S.C. §12205.

### COUNT I – VIOLATIONS OF TITLE III OF THE ADA

16.     The ADA was enacted and effective as of July 26, 1990 and ADA legislation has been protecting disabled persons from discrimination due to disabilities since that time. Over 30 years have passed since enactment of the ADA, public accommodations and places of public accommodation have had adequate time for compliance.

17.     Congress explicitly stated that the purpose of the ADA was to:

(i)     provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;
(ii)    provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,
(iii)   invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

18.     Prior to the filing of this lawsuit, Plaintiff personally visited the TJ Maxx at SW 117 Avenue with the intention of shopping and testing that retail store for compliance with the ADA/ADAAG; however, Plaintiff was denied adequate accommodation because, as a disabled individual who utilizes a wheelchair for mobility, Plaintiff met barriers to access. Therefore, Plaintiff has suffered an injury in fact.

19.     Defendant has discriminated (and continues to discriminate) against Plaintiff by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and accommodations at its TJ Maxx at SW 117 Avenue in

derogation of 42 U.S.C. §12101 *et seq.* and as prohibited by 42 U.S.C. §12182 *et seq.* by failing to remove barriers to access pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

20. Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, all the accommodations and services offered at Defendant's TJ Maxx at SW 117 Avenue retail store.

21. Defendant is governed by the ADA and must be in compliance therewith. However, Defendant has discriminated against disabled patrons in derogation of 28 C.F.R. Part 36.

22. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991 (as amended), the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $75,000 for the first violation and $150,000 for any subsequent violation.

23. Defendant's TJ Maxx at SW 117 Avenue retail store is in violation of 42 U.S.C. §12181 *et seq.*, the ADA and 28 C.F.R. §36.302 *et seq.*, and Defendant is discriminating against the Plaintiff as a result of *inter alia*, the following specific violations:

i. Plaintiff had difficulty opening the men's restroom door without assistance, as the required maneuvering clearance on the pull side of the door (wall section) is not provided. The fact that the restroom door does not provide the required maneuvering clearance is a violation Section 4.13.6 of the ADAAG and Section 404.2.4 of the 2010 ADA Standards for Accessible Design which state that maneuvering clearances

        shall extend the full width of the doorway and the required latch side or hinge side clearance.

  ii.  Plaintiff had additional difficulty opening the restroom door without assistance, as it does not have the required maneuvering clearance on the pull side of the door due to the encroaching trash can which encroaches over the required maneuvering clearance on the pull side of the door. This is a violation of 4.13.6 of the ADAAG which delineates maneuvering clearances at doors, specifically as delineated within Fig.25(a) and Fig.25(b). Fig.25(a) depicts maneuvering clearance front approach is 60 inches on the approach and 18 inches to the side. Fig.25(b) depicts that the side approach of the pull side of the door requires a minimum of 36 inches to the side and 60 inches to the approach. This is also a violation of 2010 ADA Standards for Accessible Design Section 404.2.4 (swinging doors maneuvering clearance) and Section 604.3.1 (water closet clearance shall be 60 inches (1525 mm) minimum measured perpendicular from the side wall and 56 inches (1420 mm) minimum measured perpendicular from the rear wall).

  iii.  Plaintiff had difficulty locking the restroom stall door without assistance, as the locking hardware is non-compliant and requires grasping and turning of the wrist to operate. Failure to provide door hardware which is accessible to the disabled is a violation of Section 4.13.9 of the ADAAG and Section 404.2.7 of the 2010 ADA Standards for Accessible Design. Section 4.13.9 states that handles, pulls, and latches must have hardware in a shape that is easy to grasp with one hand and Section 4.27.4 requires controls and operating mechanisms to be operable with one hand and not require tight grasping, pinching, or twisting of the wrist, with force

      required to activate no greater than 5 lbs. Section 404.2.7 of the 2010 ADA Standards for Accessible Design states that door hardware must be operable with a closed fist or a loose grip and Section 309.4 states that operable parts are to be operable with one hand and shall not require tight grasping, pinching, or twisting of the wrist and have a force required to activate no more than 5 pounds.

iv. Plaintiff could not transfer to the toilet without assistance, as the required clear floor space was not provided due to the encroaching item (trash can), which encroaches over the accessible water closet clear floor space. This is a violation of Section 4.16.2 of the ADAAG (which specifies the amount of space required at an accessible toilet, which includes clear floor space around fixtures) and Section 604.3.1 of the 2010 ADA Standards for Accessible Design which states that water closet clearance (floor space) shall be 60 inches (1525 mm) minimum measured perpendicular from the side wall and 56 inches (1420 mm) minimum measured perpendicular from the rear wall.

v. Plaintiff could not use the urinal without assistance, as the urinal is mounted too high (does not have the required height to the top of the rim). The fact that the urinal does not have the required height to top of the rim renders the urinal inaccessible. This is a violation of Section 4.18.2 of the ADAAG and Section 605.2 of the 2010 ADA Standards for Accessible Design. Section 4.18.2 states that urinals shall be stall-type or wall-hung with an elongated rim at a maximum of 17" (430 mm) above the floor. Likewise, Section 605.2 states that both the stall-type or the wall-hung type be mounted with the rim 17" maximum above the finished floor or ground and shall be

    13½ inches (345 mm) deep minimum measured from the outer face of the urinal rim to the back of the fixture.

vi. Additionally, the urinal was inaccessible to Plaintiff because the urinal is mounted in a 31.75" wide and 25.5" deep alcove and therefore does not have the required clear floor space. This is a violation of ADAAG Section 4.2.4.2 which states that, if a clear floor space is located in an alcove or otherwise confined on all or part of three sides, additional maneuvering clearances shall be provided as shown in Figs. 4(d) and (e). This is also a violation of 2010 ADA Standards for Accessible Design Section 305.7.1 which states that alcoves must be a minimum of 36 inches (915 mm) wide where the depth exceeds 24 inches (610 mm).

vii. Plaintiff could not use the toilet paper dispenser without assistance, as the toilet paper dispenser is mounted outside the required distance in front of the toilet in violation of Section 604.9.6 of the 2010 Standards for Accessible Design. Section 604.9.6 states that toilet paper dispensers shall comply with Section 309.4 and shall be 7 inches (180 cm) minimum and 9 inches (230 cm) maximum in front of the water closet measured to the centerline of the dispenser. Furthermore, the outlet of the dispenser shall be 14 inches (355 mm) minimum and 19 inches (485 mm) maximum above the finished floor.

viii. Plaintiff was exposed to a cutting/burning hazard as the lavatory sink inside the stall does not have wrapped bottom sink pipes. As insulation is non-existent, there is no proper insulation protecting users of that sink against the plumbing pipes under the sink. This is a violation of Section 4.19.4 of the ADAAG which states that hot water and drain pipes under lavatories shall be insulated or otherwise configured to protect

    against contact. This is also a violation of Section 606.5 of the 2010 ADA Standards for Accessible Design, because the lavatory pipes are not wrapped.

ix. Plaintiff could not use the lavatory sink (outside the stall) without assistance, as the lavatory sink does not provide knee clearance above the finished floor to the bottom leading edge of the fixture at an 8" horizontal projection. This failure is in violation of 28 C.F.R. Part 36, Section 4.19.2 of the ADAAG and Section of the 2010 ADA Standards for Accessible Design. Section 4.19.2 of the ADAAG states that lavatories shall be mounted with the rim or counter surface no higher than 34 in (865 mm) above the finished floor, provide a clearance of at least 29 in (735 mm) above the finished floor to the bottom of the apron and that knee and toe clearance shall comply with Fig. 31 of that section. Section 606.2 states that knee clearance must be provided a minimum of 4 inches (610 mm) above the finished floor or ground.

24. Pursuant to the ADA, 42 U.S.C. §12101 *et seq.* and 28 C.F.R. §36.304, Defendant has been required to make its TJ Maxx at SW 117 Avenue retail store accessible to persons with disabilities since January 28, 1992 and Defendant has failed to comply with this mandate.

25. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff's injunctive relief; including an order for Defendant to alter its TJ Maxx at SW 117 Avenue retail store such that it is made readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA.

**WHEREFORE,** Plaintiff Jesus Gonzalez hereby demands judgment against Defendant The TJX Companies, Inc. and requests the following injunctive and declaratory relief:

      a)        The Court declare that Defendant has violated the ADA;

      b)        The Court enter an Order directing Defendant to evaluate and neutralize its policies, practices and procedures toward persons with disabilities,

      c)        The Court enter an Order requiring Defendant to alter its TJ Maxx at SW 117 Avenue retail store such that it becomes accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA;

      d)        The Court award reasonable costs and attorneys fees; and

      e)        The Court award any and all other relief that may be necessary and appropriate.

Dated this 1st day of September 2022.

                                    Respectfully submitted,

*/s/ J. Courtney Cunningham*
J. Courtney Cunningham, Esq.
J. COURTNEY CUNNINGHAM, PLLC
FBN: 628166
8950 SW 74th Court, Suite 2201
Miami, Florida 33156
Telephone: 305-351-2014
Email: cc@cunninghampllc.com
*Counsel for Plaintiff*